E-FILED
Friday, 25 February, 2011  03:03:45 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE MCARDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 09-01150 |
| | ) |
| PEORIA SCHOOL DISTRICT NO. 150, | ) |
| KEN HINTON, in his official and individual | ) |
| capacities, THOMAS BRODERICK, in his | ) |
| individual capacity, MARY DAVIS, in her | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Now before the Court are Defendant Mary Davis's ("Davis") Motion to Strike [#76] Plaintiff's Response to the Motion for Summary Judgment [#72, 73] and Defendants Ken Hinton, Thomas Broderick, and Peoria School District No. 150's ("Individual Defendants") Motion to Strike [#75] Plaintiff's Response to the Motion for Summary Judgment [#68, 69]. For the reasons set forth below, Davis' Motion to Strike [#76] is DENIED. Individual Defendants' Motion to Strike [#75] is DENIED.

Defendant Davis filed her Motion for Summary Judgment [#57] on December 30, 2010. Individual Defendants filed their Motion for Summary Judgment [#58] on December 31, 2010. Plaintiff filed her responses to both motions on February 11, 2011 [#68, 69] and February 15, 2011 [#72, 73] respectively. Individual Defendants and Defendant Mary Davis subsequently filed separate Motions to Strike Plaintiff's Responses [#75, 76] on the ground that the Responses violate the Local Rules of this Court. This Order follows.

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon an appropriate motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under the Local Rules of this Court, a party responding to a motion for summary judgment must list each fact by number and include separate sections for disputed and undisputed facts and material and immaterial facts. *See* Local Rule 7. The Local Rules also dictate the form of the remainder of the answer. *Id.*

Individual Defendants argue that Plaintiff failed to comply with the Local Rules by listing essentially undisputed facts as disputed facts. Individual Defendants assert that Plaintiff's response is misleading and will be too cumbersome for the Court to clearly understand and will create unnecessary confusion for Individual Defendants' reply. The Court finds that Plaintiff's list of facts is sufficiently coherent to allow the Court to decipher to what extent the facts are in dispute. Individual Defendants are afforded the opportunity, in their reply, to state to what extent they dispute Plaintiff's statement of facts. Accordingly, Individual Defendant's Motion to Strike [#75] is denied.

Defendant Mary Davis seeks to strike Plaintiff's response on the grounds that it violates Local Rules and is unclear for the following reasons: (1) Plaintiff's Argument section contains some, but not all, of the case law listed in Plaintiff's Applicable Law section; (2) Plaintiff includes a reference to "Part II D ¶1-49," a reference that is not clear from the record; (3) Defendant Mary Davis is unclear as to the incorporation of Plaintiff's arguments from his Response to Individual Defendants; and (4) Defendant Mary Davis is unclear as to the incorporation of Plaintiff's statement of facts from his Response to Individual Defendants.

As to her arguments pertaining to the Argument section of Plaintiff's Response, the Court does not share Defendant Mary Davis' concerns that the response is sufficiently unclear to strike

the document.  It is not necessary for a Plaintiff to draft an argument based on every case listed in its Applicable Law section.  Additionally, the Court does not believe that Plaintiff intends its Response to Defendant Davis for any other defendant other than Davis.

There is some confusion over Plaintiff's choices in responding to the listed facts of Defendant Davis and the Individual Defendants.  In its own reading of the record, the Court concludes that Plaintiff's response to Individual Defendants' statement of facts and supplemental facts is included in document 69 and 73.  Plaintiff's response to Defendant Mary Davis' statement of facts is contained in the Statement of Facts section of document 68.  The Court agrees with Defendants that this mis-filing of materials is confusing; however, it does not rise to the level necessary to elevate form over substance by striking these documents.  In the event that the Court's interpretation of these materials does not reflect Plaintiff's intent, it is the Plaintiff's burden to request leave of court to refile these materials with greater care.

## CONCLUSION

For the reasons set forth above, Individual Defendants' Motion to Strike [#75] is DENIED.  Defendant Mary Davis's Motion to Strike [#76] is also DENIED.  Plaintiff is directed, however, to clarify the meaning of the reference to "Part II D ¶1-49" and direct the Court and Defendant to the location of this document in the record.  Defendants are also afforded an extension to file their replies.  These replies are due on 3/4/2011.

Entered this __25th__ day of February, 2011.

                                                                  __/s Michael M. Mihm__
                                                                   Michael M. Mihm
                                                                   United States District Judge